FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 13 2020

JAMES W. McCORMACK, CLERK

By:_____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DONTEZ HAMMONS**                                                   **PLAINTIFF**

**v.**                                No. 4:20-cv-*1223*-JM

**KLAASMEYER CONSTRUCTION**
**COMPANY, INC.; ROBERT TRACEY**
**HAYNES; and JOHNNY POPE**                              **DEFENDANTS**

## COMPLAINT

Plaintiff, Dontez Hammons ("Plaintiff") through his counsel PPGMR Law and for his Complaint against Defendants Klaasmeyer Construction Company, Inc. ("Defendant Klaasmeyer"), Robert Tracey Haynes, and Johnny Pope, states:

This case assigned to District Judge *Moody*
and to Magistrate Judge *Harris*

### I.   OVERVIEW

Mr. Hammons was employed by Klaasmeyer Construction to dig trenches for laying cable. His supervisors, Robert Tracey Haynes and Johnny Pope, frequently harassed Mr. Hammons because he is African-American—using racial slurs against him and other employees of color. They created a hostile work environment, and Klaasmeyer Construction tolerated it. After a few months, Mr. Hammons filed a complaint with the Equal Employment Opportunities Commission. With the EEOC investigation pending, Mr. Hammons was fired. The EEOC terminated its process of Mr. Hammons's charge after one hundred-and-eighty days without any resolution. Mr. Hammons now brings this lawsuit to redress the damages he suffered for harassment, retaliation, and wrongful termination.

## II. NATURE OF THE ACTION

Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII");  the Civil Rights Act of 1866, as codified, 42 U.S.C. § 1981; the Fair Labor Standards Act of 1938, as codified, 29 U.S.C. § 201 *et seq.*;  the Family Medical Leave Act of 1993, as codified 29 U.S.C. §§ 2601 to 2654 (as amended by Families First Coronavirus Response Act, as codified, 29 U.S.C. § 2612(a)(1)(F));  and the Arkansas Civil Rights Act, seeking damages to redress the injuries Plaintiff suffered as a result of being subject to racial harassment, discrimination, retaliation, and wrongful termination during his employment as a laborer for Klaasmeyer Construction Company, Inc.  Plaintiff demands a jury trial.

## III. JURISDICTION AND VENUE

1.      Plaintiff brings this complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.A. §§ 2000e to 2000e-17;  the Civil Rights Act of 1866, as codified, 42 U.S.C. § 1981;  the Family Medical Leave Act of 1993, as codified 29 U.S.C. §§ 2611 to 2617 (as amended by Families First Coronavirus Response Act, as codified, 29 U.S.C. § 2612(a)(1)(F));  and the Arkansas Civil Rights Act, and laws of the State of Arkansas.

2.      The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights, secured by, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, 29 U.S.C. § 215(a)(3), 29 U.S.C. § 2617, the Arkansas Civil Rights Act, and law of the State of Arkansas, which provide for damages and injunctive relief, in opposition to acts of racial discrimination and unlawful employment practices.

3.      This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331.

4.      This Court has supplemental subject matter jurisdiction over the state law claims because they "form part of the same case or controversy" pursuant to 28 U.S.C. §1367.

5.      This Court has personal jurisdiction over the parties because all parties are citizens of Arkansas and the events giving rise to this litigation occurred in the State of Arkansas.

6.      This Court is a proper venue under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(1) & (2).

7.      Plaintiff exhausted his administrative remedies, which are necessary to file a lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

8.      Plaintiff filed an appropriate charge of discrimination with the EEOC within three hundred (300) days of the last alleged act of discrimination.

9.      On September 3, 2020 the EEOC issued Plaintiff a Notice of Right to Sue Letter regarding his charges of employment discrimination. (Attached is a copy of the Notice of Right to Sue hereto as, Exhibit A.)

10.     Plaintiff commences this action within ninety (90) days of receipt of Notice of Right to Sue.

## IV.     PARTIES

11.     Plaintiff Dontez Hammons is an African-American male and is a citizen of the State of Arkansas.

12.     Plaintiff was an employee of Defendant Klaasmeyer.

13.     At all relevant times, Defendant Klaasmeyer Construction Company, Inc. was and is a domestic business corporation, duly existing pursuant to and by virtue of the laws of the State of Arkansas.

14.     At all relevant times, Defendant Klaasmeyer's principal place of business is located at 35 Middle Rd, Conway, AR 72032.

15.     Defendant Klaasmeyer does not have a registered agent for service of process, according to the Arkansas Secretary of State's Office website at the time of filing.

16.     Defendant Klaasmeyer's President is Eugene Klaasmeyer.

17.     At all relevant times, Defendant Robert Tracey Haynes was and is a citizen of the State of Arkansas, living at 221 Crook Road, Pangburn, Arkansas 72121.

18.     At all relevant times, Defendant Haynes was and is an employee of Defendant Klaasmeyer.

19.     At all relevant times, Defendant Haynes was Plaintiff's supervisor and held supervisory authority over Plaintiff.

20.     At all relevant times, Defendant Johnny Pope was and is a citizen of the State of Arkansas.

21.     At all relevant times, Defendant Pope was and is an employee of Defendant Klaasmeyer.

22.     At all relevant times, Defendant Pope held supervisory authority over Plaintiff.

23.     Defendant Klaasmeyer, Haynes, and Pope are collectively referred to herein as "Defendants."

### V.      STATEMENT OF FACTS

24.     Defendant Klaasmeyer is an Arkansas based construction company with its principal business based in Arkansas.

25.     Defendant Klaasmeyer performs installation of underground cables and wires used in personal data communication.

26.     As of March 20, 2020, Defendant Klaasmeyer had one-hundred and eighty-nine (189) employees.

27.     Defendant Klaasmeyer's principal owner, company president, and chief executive officer is Eugene Klaasmeyer.

28.     Defendant Klaasmeyer's General Superintendent is Jim Bartlett; he is responsible for the day-to-day operations of the company.

29.     Defendant Klaasmeyer's other General Superintendent is Johnny Walley; he serves in a supervisory role over Defendants Haynes and Pope.

30.     Defendant Klaasmeyer employs Defendant Pope as a supervisor.

31.     Defendant Pope was in a supervisory position over Plaintiff during his employment with Defendant Klaasmeyer.

32.     Defendant Pope is a white male.

33.     Defendant Klaasmeyer employs Defendant Haynes as a project supervisor.

34.     Defendant Haynes was Plaintiff's immediate supervisor during his employment with Defendant Klaasmeyer.

35.     Defendant Haynes is a white male.

36.     Plaintiff is a 21-year-old African-American male.

37.     On or about March 5, 2019, Plaintiff began working for Defendant Klaasmeyer as a laborer.

38.     From March 5, 2019 to July 14, 2020, Plaintiff worked approximately 40 hours per week for Klaasmeyer.

39.     Plaintiff worked at Defendant Klaasmeyer's various job sites in Little Rock, Clinton, and Hope.

40.     Plaintiff was not given formal training on company policies during his employment with Defendant Klaasmeyer.

41.     Plaintiff was the target of racial harassment at Defendant Klaasmeyer's Little Rock, Clinton, and Hope job sites.

42.     Plaintiff repeatedly met with Johnny Walley to inform Walley about the racial harassment and discrimination Plaintiff received from Defendant Haynes and Defendant Pope.

43.     Despite Plaintiff's meetings with Walley, Defendant Klaasmeyer failed to exercise reasonable care to promptly correct the harassing or discriminatory behavior of Defendant Haynes and Defendant Pope.

44.     Defendant Klaasmeyer failed to exercise reasonable care to prevent any harassing or discriminatory behavior of Defendant Haynes and Defendant Pope.

45.     Defendant Klaasmeyer allowed the discriminatory and harassing behavior of Defendant Haynes and Defendant Pope to continue.

**A. Defendant Haynes**

46.     Defendant Haynes was a reoccurring source of racial harassment towards Plaintiff and other employees of color.

47.     Defendant Haynes's acts of racial harassment occurred within the scope of Defendant Haynes's employment.

48.     Defendant Haynes addressed Plaintiff as "coon."

49.     Defendant Haynes threatened to run Plaintiff over "like a coon."

50.     Defendant Haynes repeatedly addressed Plaintiff and other employees of color using racial slurs such as "coon," "monkey," "porch monkey," "cracker," and "nigger."

51.     Defendant Haynes warned Plaintiff, and other employees of color, that the employees at Klaasmeyer's job site in Hope, Arkansas were "off and prejudiced."

52.     Plaintiff recorded acts of racial harassment by Defendant Haynes.

53.     Defendants are aware of Plaintiff's recording.

54.     Plaintiff complained to Defendant Klaasmeyer of Defendant Haynes's repeated racial harassment.

55.     In February 2020, Defendant Klaasmeyer investigated one or more complaints about Defendant Haynes.

56.     On February 22, 2020, General Superintendent Johnny Walley interviewed Defendant Haynes and Thomas Krumbach, the superintendent of the Hope job site.

57.     Acting on behalf of Defendant Klaasmeyer, General Superintendent Johnny Walley concluded that Defendant Haynes' conduct was inappropriate and offensive.

58.     Johnny Walley instructed Defendant Haynes to stop using racial slurs against Plaintiff and its employees of color.

**B.  Defendant Pope**

59.     Defendant Pope was a reoccurring source of racial harassment towards Plaintiff and other employees of color.

60.     Defendant Pope's acts of racial harassment occurred within the scope of Defendant Pope's employment.

61.     Defendant Pope and Defendant Haynes both stated that they don't think it's right for a white man and a black woman to be in a relationship together.

62.     Defendant Pope said he would rather die than have sexual relations with any African-American woman.

63.     Defendant Pope stated that a bulldozer could be a "hood nigger plow" if he leaned his seat back and sagged his pants.

64.     Defendant Pope repeatedly called Plaintiff "boy."

65.     Plaintiff asked not to be referred to as "boy."

66.     Defendant Pope did not oblige Plaintiff's request, and continued to call him "boy."

67.     Defendant Pope stated that he called Plaintiff "boy" because Plaintiff "wears tight pants and wears Jordans on your feet."

**C.  EEOC Complaint**

68.     On March 3, 2020, Plaintiff filed a complaint with the EEOC for racial harassment against Defendants.

69.     On September 2, 2020 the EEOC terminated Plaintiff's pending charge due to the hundred-and-eighty (180) day lapse and the Commission not wanting to continue the charge.

**D.  Hammons's COVID-19 Testing**

70.     On June 29, 2020 Plaintiff's brother, Tavion Bynum informed Plaintiff that Bynum tested positive for COVID-19 via FaceTime, while Plaintiff was at work.

71.     Plaintiff had not been in close contact with Bynum in the two-weeks prior to Bynum's positive test result.

72.     Defendant Klaasmeyer learned of Plaintiff's brother's positive COVID-19 result from co-workers of Plaintiff, who heard Plaintiff on the phone with his brother.

73.     Defendant Klaasmeyer ordered Plaintiff to get tested for COVID-19.

74.     Plaintiff was tested for COVID-19 at Prime Care Medical Clinic in Conway on June 29, 2020.

75.     Plaintiff was informed of his test results on July 11, 2020.

76.     Plaintiff tested negative for COVID-19.

77.     A physician at Prime Care informed Plaintiff that he should continue quarantining for the entire fourteen (14) day period from his test date (June 29, 2020), pursuant to Center for Disease Control COVID-19 Guidelines.

78.     At the advice of Prime Care and in adherence with Center for Disease Control COVID-19 Guidelines, Plaintiff quarantined for fourteen (14) days, resulting in eight (8) days of sick leave from Defendant Klaasmeyer.

79.     Plaintiff notified Illya Watson of his negative test results.

80.     Plaintiff notified Illya Watson of his expected absence due to quarantining.

81.     Defendant Klaasmeyer approved Plaintiff's sick leave and plan of quarantining.

82.     Plaintiff's fourteen (14) day quarantine ended on July 13, 2020.

83.     On July 14, 2020, Plaintiff returned to work for Defendant Klaasmeyer at the Little Rock job site.

84.     Upon Plaintiff's return, Illya Watson instructed Plaintiff to meet with supervisor Johnny Walley.

85.     On July 14, 2020, Johnny Walley terminated Plaintiff's employment with Klaasmeyer.

86.     At all times relevant, Plaintiff was meeting Defendant Klaasmeyer's job expectations.

87.     Johnny Walley cited "Being off too much due to COVID, Personal life style choices in conflict with company" as cause for Plaintiff's termination.

### E. Fellow Employee's COVID-19 Testing

88.     Defendant Klaasmeyer employed white laborers who were similarly situated to Plaintiff.

89.     Some of the similarly situated white laborers were also tested for COVID-19.

90.     Some of the similarly situated white laborers were also out on sick leave due to COVID-19.

91.     Some of the similarly situated white laborers who were tested for COVID-19 were not fired.

92.     Some of the similarly situated white laborers who were out on sick leave due to COVID-19 were not fired.

## VI.     STATEMENT OF CLAIMS

### COUNT 1 – Hostile Work Environment

### Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)

93.     All preceding paragraphs are expressly incorporated as if stated here word-for-word.

94.     Title VII of the Civil Rights Act of 1964 prohibits harassment and discriminatory conduct based on race.

95.     Defendants Haynes and Pope intentionally harassed and discriminated against Plaintiff because of his race.

96.     Defendant Klaasmeyer approved of Defendant Haynes's and Pope's conduct.

97.     Defendants Haynes and Pope both held supervisory roles over Plaintiff during Plaintiff's employment at Klaasmeyer.

98.     Defendant Haynes addressed Plaintiff as "coon."

99.     Defendant Haynes threatened to run Plaintiff over "like a coon."

100.    Defendant Haynes repeatedly addressed Plaintiff and other employees of color using racial slurs such as "coon," "monkey," "porch monkey," "cracker," and "nigger."

101.    Defendant Haynes warned Plaintiff, and other employees of color, that the white employees at Klaasmeyer's job site in Hope, Arkansas were "off and prejudiced."

102.    Defendant Haynes and Defendant Pope both stated that they don't think it's right for a white man and a black woman to be together.

103.    Defendant Pope said he would rather die than have sexual relations with any African-American woman.

104.    Defendant Pope stated that a bulldozer could be a "hood nigger plow" if he leaned his seat back and sagged his pants.

105.    Defendant Pope repeatedly referred to Plaintiff as "boy."

106.    Plaintiff asked not to be referred to as "boy."

107.    Defendant Pope did not oblige Plaintiff's request, and continued to call him "boy."

108.    Defendant Pope stated that he called Plaintiff "boy" because Plaintiff "wears tight pants and wears Jordans on your feet."

109.    Defendant Klaasmeyer did nothing to stop Defendant Pope or Haynes harassment.

110.    Defendant Haynes and Pope's reoccurring illegal racial harassment intimidated and humiliated Plaintiff.

111.    Defendant Haynes's and Pope's conduct was unwelcomed by Plaintiff.

112.    Defendant Haynes's and Pope's conduct was so racially pervasive and perverse to result in a hostile work environment.

113.    Plaintiff perceived the work environment to be hostile.

114.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e et seq., by harassing and then firing Plaintiff because of his race.

115.    Plaintiff requests equitable relief for injuries to Plaintiff caused by Defendants' willful and intentional racial harassment pursuant to 42 U.S.C. § 2000e-5(g).

116.    Plaintiff has a right to and seeks compensatory and punitive damages arising from Defendant's actions pursuant to 42 U.S.C. § 2000e-5(k)

117.    Plaintiff seeks to recover their attorney fees, costs, and any necessary expert fees pursuant to 42 U.S.C. § 2000e-5(k).

### COUNT 2 – Termination Based on Race

### Violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981)

118.    All preceding paragraphs are expressly incorporated as if stated here word-for-word.

119.    Plaintiff asserts this cause of action alternatively to all other causes of action stated herein.

120.    Federal law guarantees that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…as is enjoyed by white citizens." 42 U.S.C. § 1981.

121.    The protections of 42 U.S.C. § 1981 extend to private acts of racial discrimination.

122.    Plaintiff is an African-American male.

123.    Plaintiff was employed by a private business, Defendant Klaasmeyer.

124.    Prior to his firing, Plaintiff had not received a formal disciplinary action from Defendants Haynes, Pope, or Klaasmeyer.

125.    Prior to his firing, Plaintiff had not received a complaint against him as an employee of Defendant Klaasmeyer.

126.    Defendant Klaasmeyer terminated Plaintiff's employment on July 14, 2020.

127.    Defendant Klaameyer told Plaintiff he was fired, in part, because of Plaintiff's lifestyle choices.

128.    Defendant Klaasmeyer told Plaintiff he was fired, in part, because Plaintiff was "off too much due to COVID."

129.    Upon knowledge and belief, Defendant Klaasmeyer did not terminate similarly situated employees for conflicting lifestyle choices.

130.    Upon knowledge and belief, Defendant Klaasmeyer did not terminate similarly situated employees for medical time off due to COVID-19.

131.    The only difference between similarly situated employees, who were off because of COVID-19, and Plaintiff was their race—the other employees were white and Plaintiff is African-American.

132.    Defendant Klaasmeyer's given reason for firing Plaintiff was pretextual.

133.    Defendant Klaasmeyer's actual reason for firing Plaintiff was because he is African-American.

134.    Defendants violated Plaintiff's right to be free of racial discrimination in employment.

135.    Plaintiff has a right to and seeks compensatory and punitive damages arising from Defendants' violation of 42 U.S.C. § 1981(a) pursuant to 42 U.S.C. § 1981a(a)(1) & (b).

136.    Plaintiff seeks to recover their attorney fees, costs, and any necessary expert fees pursuant to 42 U.S.C. § 1988(b).

**COUNT 3 – Violation of Family Medical Leave Act (29 U.S.C. § 2615)**

137.    All preceding paragraphs are expressly incorporated as if stated here word-for-word.

138.    Plaintiff asserts this cause of action alternatively to all other causes of action stated herein.

139.    The Family Medical Leave Act (FMLA) protects employees by prohibiting employers from interfering with an employee exercising a FMLA right.  29 U.S.C. § 2615.

140.    FMLA's protections were revised by the Family First Coronavirus Response Act.

141.    Under the revision, FMLA protects employees seeking medical leave as a result of a public health emergency, including the Coronavirus. 29 U.S.C. §§ 2620 & 2612(a)(1)(F).

142.    Under the revised FMLA, employers are prohibited from willfully and intentionally discriminating and terminating employees acting pursuant to the Family First Coronavirus Response Act. 29 U.S.C. § 2620.

143.    Defendant Klaasmeyer hired Plaintiff on March 5, 2019 as a laborer.

144.    Plaintiff was employed for Defendant Klaasmeyer between March 5, 2019 and July 14, 2020, a total of fifteen months and nine days.

145.    Plaintiff worked more than 1,250 hours in the preceding twelve months before his firing for Defendant Klaasmeyer.

146.    Plaintiff is an eligible employee pursuant to traditional FMLA. 29 U.S.C. § 2611(2).

147.    Plaintiff is an eligible employee pursuant to the revised FMLA, revised by the Family First Coronavirus Response Act.  29 U.S.C. § 2620(a)(1)(A).

148.    At all times during Plaintiff's employment with Defendant Klaasmeyer, Klaasmeyer was Plaintiff's employer as defined by FMLA.   29 U.S.C. §§ 2611(4)(A)(i) & 2620(a)(1)(B).

149.    Plaintiff's employer, Defendant Klaasmeyer, requested Plaintiff get tested for COVID-19.

150.    Plaintiff was tested on June 29, 2020;  and received his negative test results on July 11, 2020.

151.    Plaintiff practically and reasonably provided Defendant Klaasmeyer with notice of medical leave as required by FMLA. 29 U.S.C. § 2620(c).

152.    Plaintiff returned to work on July 14, 2020.

153.    Plaintiff was terminated on July 14, 2020.

154.    Defendant Klaasmeyer's reason for firing Plaintiff was for "being off too much due to COVID."

155.    Plaintiff's termination was the direct and proximate result of COVID-19 medical leave.

156.    Defendant Klaasmeyer terminated Plaintiff's employment in violation of FMLA. 29 U.S.C. §§ 2612, 2614, 2615 & 2620.

157.    Plaintiff has a right to and seeks all remedies in law pursuant to 29 U.S.C. §§ 2617(a)(1)-(3) arising from Defendants' FMLA violations.

158.    Plaintiff requests their attorney fees, costs, and any necessary expert fees pursuant to 29 U.S.C. § 2617(a)(3).

## COUNT 4 – State Law Employment Discrimination

### Violation of Arkansas Civil Rights Act - Ark. Code Ann. § 16-123-107

159.     All preceding paragraphs are expressly incorporated as if stated here word-for-word.

160.     Plaintiff asserts this cause of action alternatively to all other causes of action stated herein.

161.     Plaintiff asserts this action pursuant to the Arkansas Civil Rights Act, as codified by Ark. Code Ann. § 16-123-107.

162.     The Arkansas Civil Rights Act guarantees the right of a person to obtain and hold employment without discrimination based on race. Ark. Code Ann. § 16-123-107.

163.     The Arkansas Civil Rights Act provides citizens with a cause of action to sue persons injured by an intentional act of discrimination. Ark. Code Ann. § 16-123-107.

164.     Defendant Klaasmeyer terminated Plaintiff's employment on July 14, 2020.

165.     Defendant Klaasmeyer told Plaintiff he was fired, in part, because of Plaintiff's lifestyle choices.

166.     Defendant Klaasmeyer told Plaintiff he was fired, in part, because Plaintiff took medical time off for COVID-19.

167.     Defendant Klaasmeryer's given reasons for firing Plaintiff are pretextual.

168.     Defendant Klaasmeyer fired Plaintiff because he is African-American.

169.     Defendants' intentional and arbitrary discrimination denied Plaintiff his rights guaranteed by the Arkansas Civil Rights Act.

170.     Plaintiff requests compensatory and punitive damages for injury to Plaintiff's rights that the Defendants infringed upon.

171.   Plaintiff has a right to and seeks all remedies in law for all injuries or wrongs to their person or character under Article II, § 13 of the Arkansas Constitution.

172.   Plaintiff seeks to recover their attorney fees, costs, and any necessary expert fees pursuant to Ark. Code Ann. §§ 16-123-105(b) & 107(b).

**COUNT 5 – State Law Retaliation**

**Violation of Arkansas Civil Rights Act - Ark. Code Ann. § 16-123-108**

173.   All preceding paragraphs are expressly incorporated as if stated here word-for-word.

174.   Plaintiff asserts this cause of action alternatively to all other causes of action stated herein.

175.   Plaintiff asserts this action pursuant to the Arkansas Civil Rights Act, as codified by Ark. Code Ann. § 16-123-107.

176.   The Arkansas Civil Rights prohibits an employer from discriminating against an individual who makes a good faith charge with the Equal Employment Opportunity Commission. Ark. Code Ann. § 16-123-108.

177.   Defendant Klaasmeyer hired Plaintiff on March 5, 2019.

178.   At all times during Plaintiff's employment with Defendant Klaasmeyer, Klaasmeyer was Plaintiff's employer.

179.   Plaintiff filed a complaint with the EEOC on March 3, 2020.

180.   Plaintiff's basis for the EEOC complaint was the nonstop racial harassment he received from Defendant Haynes and Pope.

181.   Plaintiff made his EEOC complaint in good faith.

182.    While the EEOC's investigation was pending, Defendant Klaasmeyer fired Plaintiff.

183.    Defendant Klaasmeyer fired Plaintiff on July 14, 2020.

184.    Defendant Klaasmeyer fired Plaintiff in retaliation for filing his EEOC complaint.

185.    Defendants' intentionally and willfully retaliated against Plaintiff for his good faith charge with the EEOC by terminating his employment.

186.    Defendants have denied Plaintiff the rights guaranteed by the Arkansas Civil Rights Act by terminating his employment in retaliation for filing a charge with the Equal Employment Opportunity Commission.

187.    Plaintiff requests compensatory and punitive damages for injury to Plaintiff's rights that the Defendants infringed upon.

188.    Plaintiff has a right to and seeks all remedies in law for all injuries or wrongs to their person or character under Article II, § 13 of the Arkansas Constitution.

189.    Plaintiff seeks to recover their attorney fees, costs, and any necessary expert fees pursuant to Ark. Code Ann. §§ 16-123-105(b) & 107(b).

## COUNT 6 – State Law Wrongful Discharge

190.    All preceding paragraphs are expressly incorporated as if stated here word-for-word.

191.    Plaintiff asserts this cause of action alternatively to all other causes of action stated herein.

192.    Arkansas recognizes a wrongful discharge cause of action.

193.    A wrongful discharge cause of action is an exception to the employee-at-will doctrine.

194.    Plaintiff filed a complaint with the EEOC on March 3, 2020.

195.    Plaintiff's basis for the EEOC complaint was the continuous racial harassment he received from Defendant Haynes and Pope.

196.    Plaintiff's basis for the EEOC complaint was a good faith basis.

197.    While the EEOC's investigation was pending, Defendant Klaasmeyer terminated Plaintiff's employment.

198.    Plaintiff was terminated on July 14, 2020.

199.    Defendant Klaasmeyer fired Plaintiff in retaliation to filing his good faith EEOC complaint.

200.    Defendant Klaasmeyer fired Plaintiff because he is African-American.

201.    Defendant Klaasmeyer's reasons for firing Plaintiff is against public policy.

202.    Defendant Klaasmeyer's action amount to wrongful discharge of Plaintiff.

203.    As a result of Defendant's wrongful discharge, Plaintiff suffered damages and is entitled to both compensatory and punitive damages.

204.    Plaintiff requests compensatory and punitive damages for injury to his rights that the Defendants infringed upon.

205.    Plaintiff has a right to all remedies in law for all injuries or wrongs to their person or character under Article II, § 13 of the Arkansas Constitution.

THEREFORE, Plaintiff Dontez Hammons request that this Court award them judgment against Defendants in the form of injunctive relief, actual damages, consequential damages, and punitive damages, together with all other fees, costs, and expenses to which they may be lawfully entitled, including pre- and post-judgment interest, and other just and proper relief to which they may be entitled.

Respectfully submitted,

Julie D. Greathouse, Ark. Bar No. 99159
julie@ppgmrlaw.com
Hunter D. Mullins, Ark. Bar No. 2019162
hunter@ppgmrlaw.com
Samuel S. McLelland, Ark. Bar No.
2020101
PPGMR Law, PLLC
P.O. Box. 251618
Little Rock, AR 72225
501-603-9000
501-603-0556 (fax)

*Attorneys for Plaintiff*

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Dontez T. Hammons<br>2695 Dave Ward Dr.<br>Conway, AR 72032 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-00794 | **Margie Myers,**<br>**Investigator** | **(501) 324-6214** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

09/02/2020

**William A. Cash, Jr.,**
**Area Office Director**

*(Date Mailed)*

Enclosures(s)

cc:
| Ginny Leffler<br>Human Resource Manager<br>KLASSMEYER CONSTRUCTION<br>p o box 847<br>35 Middle Road<br>Conway, AR 72033 | Hunter Mullins<br>PPGMR LAW, PLLC<br>101 RIVER BLUFF DRIVE, SUITE A<br>Little Rock, AR  72202 | Guy Murphy<br>Hyden Miron and Foster<br>557 Locust St<br>Conway, AR 72034 |

Exhibit A

Enclosure with EEOC
Form 161-B (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Exhibit A